Wachtler, J.
 

 Plaintiff was an employee of Svendsen Decorators, Inc., a subcontractor for John W. Bouse Construction
 
 *408
 
 Corp., the general contractor. He was permanently disabled when he fell some 22 feet from a high scaffold while engaged in painting the ceiling of a new auditorium at St. Lawrence University. Plaintiff sued to recover damages for his personal injuries, alleging that Bouse, the general contractor, had negligently furnished three defective tower scaffolds. Although the complaint originally charged (1) common-law negligence and (2) absolute liability arising from certain violations of seeiioff 240 of the Labor Law and the Industrial Code, plaintiff upon trial elected to proceed solely on the latter theory of absolute liability. Consequently, all allegations in plaintiff’s complaint and bill of particulars relating to common-law negligence were stricken and the common-law cause of action was dismissed by stipulation before trial.
 

 At the close of plaintiff’s proof and case, the complaint was dismissed with the Trial Judge expressly following the rule applied in
 
 Galbraith
 
 v.
 
 Pike & Son
 
 (18 A D 2d 39), deciding that section 240 of the Labor Law would apply only if the defendant Bouse had supervision, control, and direction of plaintiff dr was under a contractual obligation to provide scaffolding for the use of the subcontractor. Finding no evidence to support these requirements, the court held there was no liability.
 

 Under the contract it was clearly Svendsen’s obligation to furnish its own scaffolding. There was no agreement by the general contractor to furnish any equipment to aid the painting subcontractor in performing its work. Because the subcontractor’s scaffolding was not high enough to reach the ceiling, Svendsen asked permission to use some of the large quantity of tubular scaffolding that Bouse had on the job for other purposes, and permission was granted by Bouse’s Superintendent Tyler who told Svendsen
 
 “
 
 they could use the scaffolding”. There was no agreement by Bouse to supply it nor any direction by Bouse to Svendsen to use it. It was merely a bare and purely gratuitous permission to use scaffolding parts.
 

 Section 240 of the Labor Law provided, at the time of the accident: “ 1. A person employing or directing another to perform labor of any kind in the * * * painting * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * # * which shall be so constructed, placed and
 
 *409
 
 operated as to give proper protection to a person so employed or directed.”
 

 Taking the facts most favorable to the plaintiff it could be found that a substantial number of violations of the Industrial Code governing the erection of the towers in question had been established by plaintiff’s proof. The issue, then, revolves around the application of the term
 
 1 ‘
 
 A person employing or directing another to perform labor ”, and to come within this section, the plaintiff must show that he was either ‘ ‘ employed ” or £ ‘ directed ’ ’ by the defendant. Concededly, the plaintiff, an employee of the subcontractor, was not ‘ ‘ employed ’ ’ by the defendant. And, just as clearly, he was not “ directed ” by it. ‘ ‘ Directing ’ ’, we have said, means just that; for one person to be “directed” by another, there must be supervision of the manner and method of the work to be performed. The words are to be construed strictly and literally.
 
 (Mendes
 
 v.
 
 Caristo Constr. Corp.,
 
 6 N Y 2d 729;
 
 Olsommer
 
 v.
 
 Walker & Sons,
 
 4 N Y 2d 793;
 
 Kluttz
 
 v.
 
 Citron,
 
 2 N Y 2d 379, 383;
 
 Glass
 
 v.
 
 Gens-Jarboe, Inc.,
 
 306 N. Y. 786;
 
 Iacono
 
 v.
 
 Frank & Frank Contr. Co.,
 
 259 N. Y. 377, 382.)
 

 This case is similar to
 
 Glass
 
 v.
 
 Gens-Jarboe, Inc.
 
 (306 N. Y. 786,
 
 supra)
 
 where the plaintiff, a painter employed by a subcontractor, needed a plank to be used as part of a scaffold. Not having one at hand, he asked and received permission from the superintendent of the general contractor to use one of a number of planks on the job site. The plank proved defective, the scaffold collapsed and the plaintiff was injured. In affirming a reversal of a judgment in favor of plaintiff and dismissing the complaint, we held that the case did not come within the purview of section 240 drawing a distinction between
 
 1 ‘
 
 permission ” and “direction”.
 

 In
 
 Mendes
 
 v.
 
 Caristo Constr. Corp.
 
 (6 N Y 2d 729,
 
 supra),
 
 the subcontractor found that it needed a sling to raise a heavy metal door buck; having none itself, the subcontractor went to the general contractor’s superintendent, just as Harold Svendsen went to Tyler in the instant case, and asked to use theirs. Their response, much as Tyler’s response to Svendsen, was “ You will find a rope sling in our other shanty ”. This court affirmed the holding that such language could not amount
 
 *410
 
 to a direction, within the meaning of the Labor Law, to use the instrumentality.
 

 In the
 
 Mendes
 
 case, as well as the case at bar, the language relied on is merely permissive and is in no sense an exercise of dominion or control. The grant of a favor or gratuity done for the plaintiff’s convenience does not satisfy the positive and affirmative “directing” implied by the statute.
 

 In passing, we note that even if it could be found that Bouse directed the activities of plaintiff so as to bring itself within section 240 of the Labor Law, there still remains the question of whether any defect claimed to have existed in the tubular steel frames owned by Bouse proximately caused plaintiff’s injuries. Violation of the statute alone is not enough; plaintiff was obligated to show that the violation was a contributing cause of his fall and there was no proof of that essential element here.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Breitel, Jasen and Jones concur; Judge Gabrielli taking no part.
 

 Order affirmed.