■ PETER M. COAN, Respondent, v ESTATE OF HARRY CHAPIN et al., Appellants, et al., Defendant.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered on January 31, 1989, which, *inter alia,* denied defendants' cross motion for summary judgment dismissing the complaint, is unanimously affirmed, with costs and disbursements.

This action seeks damages for defendants' alleged tortious interference with an agreement between plaintiff and Perigree Books, a division of Putnam Publishing Group, for the publication of the former's biography of the late singer-songwriter Harry Chapin. In that connection, Perigree, which initially indicated its satisfaction with the manuscript submitted by plaintiff, decided against publishing the book after it was threatened with a lawsuit by defendants, representatives of Chapin's estate. Defendants contend that they are entitled to summary judgment dismissing the complaint since plaintiff's contract with Perigree was terminable at will, and therefore, they did not, as a matter of law, tortiously interfere with the subject agreement and that, in addition, there is documentary evidence which conclusively establishes the estate's claim to plaintiff's biography. There is no merit to defendants' position.

Plaintiff's standard agreement with Perigree provided that if he failed to deliver a manuscript satisfactory to the publisher in style, content, length and form, the publisher, at its sole discretion, would have the option of either requiring that the manuscript be changed or to terminate the contract upon written notice to the author. There is no legal authority to support the proposition that a publishing contract containing a satisfaction clause is terminable at will, and indeed, the applicable cases hold to the contrary *(Doubleday & Co. v Curtis,* 763 F2d 495, *cert dismissed* 474 US 912; *Zilg v Prentice-Hall, Inc.,* 717 F2d 671, *cert denied* 466 US 938; *Baker v*

*Chock Full O'Nuts Corp.,* 30 AD2d 329). Moreover, even were the subject agreement terminable at will, summary judgment was still properly denied. According to the Court of Appeals in *Guard-Life Corp. v Parker Hardware Mfg. Corp.* (50 NY2d 183, 194), "[w]here contracts terminable at will have been involved, we have upheld complaints and recoveries in actions seeking damages for interference when the alleged means employed by the one interfering were wrongful". Wrongful means may include civil suits and some degree of economic pressure *(Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 191). Thus, defendants' liability to plaintiff depends upon whether defendants' threats of litigation were based upon good faith and probable cause. Certainly, a party's good faith, which necessitates examination of a state of mind, is not an issue which is readily determinable on a motion for summary judgment *(see, New Testament Missionary Fellowship v Dutton & Co.,* 112 AD2d 55; *Davis v High Socy. Mag.,* 90 AD2d 374, *appeal dismissed* 58 NY2d 1115). The documents offered by defendants do not demonstrate as a matter of law either the absence of bad faith or malice on the part of defendants when they purportedly interfered with the contract between plaintiff and Perigree or that the estate possesses a proprietary interest in plaintiff's biography. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.