**RANDOM HOUSE, INC., Plaintiff,**

v.

**George E. CURRY, and Sylvester Monroe, Defendants.**

**No. 88 Civ. 3193 (MGC).**

United States District Court,
S.D. New York.

May 1, 1990.

Satterlee Stephens Burke & Burke by Robert M. Callagy, David G. Curran, New York City, for plaintiffs.

George E. Curry, Washington, D.C., pro se.

Sylvester Monroe, Los Angeles, Cal., pro se.

## OPINION AND ORDER

CEDARBAUM, District Judge.

Random House moves for summary judgment against defendants George Curry

and Sylvester Monroe[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is denied.

## BACKGROUND

On October 19, 1984, Random House entered into a contract with George Curry, Sylvester Monroe and Kenneth Walker pursuant to which they were to write and Random House was to publish a book about Jesse Jackson. The contract provides, in pertinent part:

2. The Author agrees to deliver two complete copies ... of the manuscript of the work in the English language of approximately 100,000 words in length, satisfactory to the Publisher ... not later than September 30, 1985.

. . . . .

If the Author fails to deliver the manuscript within ninety (90) days after the above date, or if any manuscript that is delivered is not, in the Publisher's judgment, satisfactory, the Publisher may terminate this agreement by giving written notice, whereupon the Author agrees to repay forthwith all amounts which may have been advanced hereunder.

The contract further provides in paragraph 30 that:

... if a completed manuscript is delivered and this agreement is terminated because the manuscript is not satisfactory to the Publisher, the Author's obligation to repay the amount advanced hereunder initially shall be limited to repayment from proceeds from the sale or licensing by the Author of rights of any nature in the work.... Any balance of the amounts advanced hereunder that is not repaid from the above described proceeds within 12 months after termination shall be come [sic] immediately due and payable upon the expiration of such 12 month period.

The parties agree that, in accordance with the contract, the three authors re-

ceived a $50,000 advance. It is also undisputed that on November 27, 1985 defendants submitted a draft of a book about Jesse Jackson to Random House. On January 20, 1987, Random House sent a letter to defendants terminating the publishing agreement for failure to deliver a satisfactory manuscript.

Random House instituted this diversity action to recover the $50,000 advance which became due on January 20, 1988.[2]

## DISCUSSION

Rule 56(c) provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Conversely, if there is a genuine issue of disputed fact, summary judgment shall not be granted.

Plaintiff argues that it is entitled to summary judgment because it properly terminated the contract and thereby became entitled, after 12 months, to a return of the $50,000 advance, only $16,666 of which has been repaid to date. Plaintiff asserts that it had the right to terminate the contract because it found the manuscript submitted by defendants unsatisfactory. In support of its claim, plaintiff submits letters it sent to defendants in which it outlined its concerns about the manuscript, suggested improvements, and proposed new submission schedules. Plaintiff also submits an affidavit from Peter Osnos, the editor at Random House responsible for this project, in which he attests the following: he found the first submission unsatisfactory; he met with and wrote to defendants several times to review the problems; he received several pages of a second draft; and finally, he terminated the contract after not having received any additional materials from defendants or any indication that defendants were continuing to write.

---

**1.** Plaintiff has settled its claim against Kenneth Walker, the third defendant originally named in the complaint.

**2.** Pursuant to the settlement agreement between Random House and Walker, Walker repaid $16,666 of the $50,000 advance.

---

The "satisfaction" clause contained in the contract at issue is enforceable under New York law,[3] *see e.g. Random House, Inc. v. Gold,* 464 F.Supp. 1306, 1308–09 (S.D.N.Y.), *aff'd without opinion,* 607 F.2d 998 (2d Cir.1979); *Crawford v. Mail & Express Publishing Co.,* 163 N.Y. 404, 57 N.E. 616 (1900), but only if the publisher who finds the submitted manuscript "unsatisfactory" acts in good faith. *Doubleday & Co., Inc., v. Curtis,* 763 F.2d 495 (2d Cir.), *cert. dismissed,* 474 U.S. 912, 106 S.Ct. 282, 88 L.Ed.2d 247 (1985). *See also Coan v. Estate of Chapin,* 156 A.D.2d 318, 549 N.Y.S.2d 16, 17 (1st Dep't 1989) (citing *Doubleday* with approval).

Curry and Monroe oppose summary judgment on the ground that the rejection of their manuscript was not in good faith. Both submit affidavits in which they attest that Osnos told them that he would never accept the manuscript without a particular quotation from Jackson. Both assert that the quotation was included in their proposal but not in the manuscript because they could not verify it. In addition, they state under oath that Osnos objected to the manuscript's treatment of his personal friend, Milton Coleman. According to the affidavits of Curry and Monroe, "the true fact is that Peter Osnos stated to me that if we would use the quote he desired concerning President Assad, and change the treatment of Milton Coleman, he would consider the manuscript acceptable saving for editorial treatment." Aff. of Sylvester Monroe, February 2, 1990, ¶ 24; Aff. of George E. Curry, February 7, 1990, ¶ 24.

The issue of whether the publishing contract was terminated in good faith is factual. Both sides have submitted evidence in support of their contradictory positions. Thus, there is a genuine issue of disputed material fact which precludes summary judgment.

Plaintiff also argues that it is entitled to summary judgment against Monroe because an attorney for Monroe acknowledged the author's indebtedness to Random House before this suit was filed in a letter to Random House's General Counsel dated March 21, 1988. The letter reads, in part:

> Mr. Monroe fully comprehends the seriousness of the matter and for this reason he has asked that I discuss with you working out an arrangement for repayment of the sum advanced by Random House to Mr. Monroe in order to resolve this matter. Mr. Monroe, at this time is financially unable to repay one third of the sum that was advanced to the authors by Random House....

> Please telephone me so that we may schedule a convenient time to meet this week to discuss and work out a satisfactory arrangement for repayment.

Defendant Monroe responds that he decided that it was better financially for him to work out a deal with Random House than to fight a lawsuit, but that at no time did he admit liability.

There is a strong public policy in favor of consensual settlement of disputes. That policy would be seriously undermined if offers of settlement were treated as admissions of liability. I do not read the letter of Monroe's attorney as an admission of Monroe's liability, but rather as an invitation to settle the matter in order to avoid incurring litigation expenses.

### CONCLUSION

Plaintiff's motion for summary judgment is denied.

SO ORDERED.

---

**3.** The contract provides in paragraph 22 that New York law governs its interpretation.