**Drake W. TRAVIS and Marlene Travis, Plaintiffs,**

v.

**Herbert D. FREEDMAN, Judith P. Freedman, Bruce Stouter individually and d/b/a Child's Play or Stouter Construction and Stouter Construction Co., Inc., Defendants.**

**No. 93 Civ 0931 (VLB).**

United States District Court,
S.D. New York.

Dec. 2, 1994.

Reconsideration and Reaffirming Decision Dec. 14, 1994.

Lewis P. Trippett, Purchase, NY, for plaintiffs.

Paul S. Baum, Office of Alan B. Brill, Suffern, NY, for Freedman defendants.

Mitchell & Incantalupo, Forest Hills, NY, for other defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This personal injury suit brought under New York Labor Law 240 and 241, filed in this court the basis of diversity of citizenship, arises out of a fall from a spackle bucket placed precariously on a wall during con-

struction work on a home owned by defendant Judith Freedman. The Labor Law provisions impose strict liability under defined circumstances upon owners of property, but contain exceptions for owners of one and two family dwellings who contract for but do not direct or control work.

The Freedmans have moved for summary judgment as to all claims against them by plaintiff and by co-defendants, all based on the same underlying asserted liability. The motions are granted; all claims against the Freedmans are dismissed.

## II

■ Although there are numerous detailed factual disputes, the overarching facts are undisputed. Mrs. Freedman owned a one-family dwelling, and the Freedmans determined what type of work they wished done, obtained supplies and architectural plans, complained about some work, requested some additional work, and directed that work be stopped in certain instances. There is no indication of any actual negligent behavior on the part of the Freedmans having caused plaintiff's injury, and accordingly the case against them rises or falls on the question of strict liability under the Labor Law.

There is no indication that the Freedmans attempted to direct the manner or method for performance of any work, what worker should do what, what tools should or should not be used, or where supplies such as spackle buckets should be placed. The activity of the Freedmans is thus the ordinary level of involvement which any responsible owner would prudently need to exhibit to secure good results from any contractor.

■ New York law, applicable in this diversity suit, sustains the availability of the single-family owner exception except where supervision of the manner or method of performance of work was undertaken. *Duda v. John W. Rouse Construction,* 32 N.Y.2d 405, 345 N.Y.S.2d 524, 298 N.E.2d 667 (1973); *Kelly v. Bruno and Son, Inc.,* 190 A.D.2d 777, 593 N.Y.S.2d 555 (2d Dept.1993); *Sanna v. Potter,* 179 A.D.2d 982, 579 N.Y.S.2d 472 (3d Dept.1992). Surprise imposition of strict liability, which would discourage homeowners from making home improvements because of fear of lawsuits if they made requests or criticisms to contractors or handled purchasing of materials and obtained building approvals, is disfavored. *Spinillo v. Strober,* 192 A.D.2d 515, 595 N.Y.S.2d 825 (2d Dept. 1993).

There is no indication that Mr. Freedman acted as a construction contractor, rather than attorney for and assistant to his wife, the title holder. To make the division of title or duties between spouses a basis for liability which would not exist had a single person been involved would serve no purpose under the Labor Law, while eroding family values. Intrafamily arrangements should not work to favor or disfavor either the couple as a unit or outside parties in dealings between the couple and with others. See *HBE Leasing Corp v. Frank,* 851 F.Supp. 571 (S.D.N.Y. 1994).

Summary judgment is appropriate where, as here, "the parties ... offer different characterizations of the facts, but ... do not seriously dispute the relevant sequence of events ..." *Maxtone–Graham v. Burtchaell,* 803 F.2d 1253, 1259 (2d Cir.1986).

SO ORDERED.

## MEMORANDUM ORDER ON RECONSIDERATION

### I

Plaintiffs in this personal injury suit, brought based upon diversity of citizenship, have moved for reconsideration of the memorandum order of December 2, 1994 which granted the motion of Herbert and Judith Freedman (the "Freedmans") for summary judgment dismissing the complaint against them. The motion is granted and the previous decision is reaffirmed for the reasons set forth in the memorandum order of December 2, 1994 and the additional reasons set forth below.

### II

First, plaintiffs stress that as indicated in the prior order "there are numerous detailed factual disputes." Those disputes are, however, not sufficient to create a genuine issue of material fact under Fed.R.Civ.P. 56.

Second, plaintiffs point out that the prior order focused principally upon plaintiffs' claims under the New York Labor Law which may permit strict liability to be imposed. They contend that the Freedmans' papers did not give them adequate notice that two other claims (for ordinary negligence and malicious conduct undermining proper performance of the contract for construction work) were challenged under Fed. R.Civ.P. 56. Plaintiffs, whether or not surprised by the December 2, 1994 ruling,[1] have had in any event a clear opportunity to submit any previously unargued points or unsubmitted evidence through their motion for reconsideration, and have taken advantage of that opportunity.

■ Only an additional argument, but no additional factual material, has been set forth by reference to an affirmation of plaintiffs' counsel (which cannot be and is not based on direct personal knowledge). According to the additional contention set forth, the Freedmans interfered with the performance of the construction contract in bad faith, and asked for extra work outside the scope of any prior contract, which placed such pressure on Mr. Travis that he was accident prone and fell when stepping on an unsteady support. No significant evidence supporting these contentions has been provided.

Plaintiffs' argument is "implausible," requiring its proponents to "come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Electric Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). No such evidence has been submitted.

No adequate factual basis for any of plaintiffs' claims has been presented sufficient to survive under Fed.R.Civ.P. 56, and none has been established in plaintiffs' submission in support of reconsideration.

SO ORDERED.

---

1. Plaintiffs' procedural contention is flawed because it is based on a concession by the Freedmans' counsel that one of plaintiffs' claims was not "specifically addressed" in the Freedman's motion. The quoted statement placed plaintiffs on clear notice that all claims were "addressed" whether generally or "specifically."