■ Avraham Affri, Respondent-Appellant, v Yaakov Basch et al., Appellants-Respondents. [846 NYS2d 270]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 17, 2007, as denied their motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the plaintiff's causes of action alleging violations of Labor Law § 240 (1) and § 241 by demonstrating that they are the owners of a one- or two-family dwelling who contracted for but did not direct or control the work (*see* Labor Law § 240 [1]; § 241; *Ramirez v Begum,* 35 AD3d 578 [2006]; *Maley v Grapstein,* 29 AD3d 648 [2006]; *McGlone v Johnson,* 27 AD3d 702 [2006]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact. The plaintiff demonstrated only that the defendants made aesthetic decisions and exercised general supervision with respect to the project, neither of which deprives them of the benefit of the statutory exemption (*see Arama v Fruchter,* 39 AD3d 678, 679 [2007]; *Decavallas v Pappantoniou,* 300 AD2d 617, 618 [2002]; *Edgar v Montechiari,* 271 AD2d 396, 397 [2000]; *McGuiness v Contemporary Interiors,* 205 AD2d 739, 740 [1994]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241.

Furthermore, in opposition to the defendants' prima facie establishment of their entitlement to judgment as a matter of law dismissing the plaintiff's causes of action based upon Labor Law § 200 and alleging common law negligence, the plaintiff failed to raise a triable issue of fact as to whether the defendants exercised supervisory control over the work (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]). Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing those causes of action (*see Roach v Hernandez,* 38 AD3d 743, 744 [2007]; *McGlone v Johnson,* 27 AD3d at 703; *Garcia v Petrakis,* 306 AD2d 315, 316 [2003]). Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.