■ EDWARD THOMPSON, Appellant, v THOMAS GENIESSE et al., Respondents. [880 NYS2d 19]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 4, 2008, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

Plaintiff alleged that he was injured on December 15, 2005, when he fell from an icy scaffold while doing renovation work at a recently purchased weekend home of defendants. At issue here is the Labor Law §§ 240 and 241 homeowner exemption to the strict liability rule it imposes on owners, contractors and their agents to protect workers from building construction, demolition and repair-related dangers. The exemption covers "owners of one and two-family dwellings who contract for but do not direct or control the [contractor's] work." (*Id.*) An owner who uses such a property solely for commercial purposes is not, however, entitled to the statutory exemption (*Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]).

Defendants demonstrated their prima facie entitlement to judgment as a matter of law with evidence establishing that they fell within the exemption. Their evidence established that the certificate of occupancy for the house stated that it was a two-family dwelling, and that they intended to use it as a one-

family dwelling, as did the prior owners. It also established that they did not direct or control the work. The fact that defendants hired an architect to draw plans for portions of the work and to periodically check to see if the quality of the work was reflective of her plans does not constitute personal direction and control by defendants (*see Boyd v Lepera & Ward*, 275 AD2d 562, 563-564 [2000]). Moreover, plaintiff confirmed that he never spoke with defendants until deposition. Plaintiff admittedly received his daily orders from his foreman and the general manager of the contractor, provided his own tools or received them from his employer, fell from a scaffold built by a coworker and was ordered by his foreman to mount the scaffold on the occasion of his injury.

The burden thus shifted to plaintiff to demonstrate the existence of a triable issue of material fact. Plaintiff failed to discharge his burden, offering no cogent evidence in opposition. Regarding the occupancy of the house, the fact that the prior owners were permitted to stay in the house for several months after closing was clearly an accommodation and served no commercial purpose. The number of kitchens in the house was also irrelevant, given the evidence of the prior owners' occupancy and defendants' intended occupancy (*see Stejskal v Simons*, 3 NY3d 628, 629 [2004]). While plaintiff argues that defendants insured the subject dwelling under a "renter's policy," that policy provided the coverage for defendants' primary residence, an apartment, and the subject dwelling was added under optional coverage. Plaintiff's contentions regarding direction and control of the work were equally unavailing. Although defendants consulted with the architect before the job began and kept abreast of the work through e-mails and photographs, they made only a few visits to the site, and their conferences with the general contractor were largely to gauge progress and discuss aesthetic details. Such activities do not constitute the type of active involvement that would remove defendants from the statutory exemption (*see Duda v Rouse Constr. Corp.*, 32 NY2d 405, 409 [1973]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.