[921 NE2d 1034, 894 NYS2d 370]

AVRAHAM AFFRI, Appellant, v YAAKOV BASCH et al., Respondents.

Argued October 20, 2009; decided November 24, 2009

**POINTS OF COUNSEL**

*Pollack Pollack Isaac & De Cicco,* New York City (*Brian J. Isaac, Joshua Brian Erwin* and *Jillian Rosen* of counsel), for appellant. I. The evidence establishes that defendants directed and controlled plaintiff's work and thus are not entitled to application of the homeowner's exemption; they commanded him to perform the specific actions that resulted in his accident, despite his reluctance. (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Crawford v Leimzider,* 100 AD2d 568; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468; *Horning v Gore,* 87 AD2d 34; *Bland v Manocherian,* 66 NY2d 452; *Gandley v Prestige Roofing & Siding Co.,* 148 AD2d 666, 74 NY2d 792; *Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81

NY2d 494.) II. Given defendants' control over the work site, the Labor Law § 241 (6) and § 200 claims should be reinstated. (*Morris v Pavarini Constr.,* 9 NY3d 47; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Nagel v D & R Realty Corp.,* 99 NY2d 98; *Long v Forest-Fehlhaber,* 55 NY2d 154, 56 NY2d 805; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 45 NY2d 776; *Latino v Nolan & Taylor-Howe Funeral Home,* 300 AD2d 631; *Kelleir v Supreme Indus. Park,* 293 AD2d 513; *Pasquarello v Citicorp/Quotron,* 251 AD2d 477; *Mills v Niagara Mohawk Power Corp.,* 262 AD2d 901; *White v Farash Corp.,* 224 AD2d 978.)

*Hodges Walsh & Slater, LLP,* White Plains (*Paul E. Svensson* of counsel), for respondents. I. Defendants-respondents are entitled to the homeowner exemption under Labor Law §§ 240 and 241 (6) because they did not exercise direction and control over the method and manner of plaintiff-appellant's work. (*Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 8 NY3d 841; *Siconolfi v Crisci,* 11 AD3d 600; *Tilton v Gould,* 303 AD2d 491; *Sarvis v Maida,* 173 AD2d 1019; *Mayen v Kalter,* 282 AD2d 508; *Duarte v East Hills Constr. Corp.,* 274 AD2d 493; *Schwartz v Foley,* 142 AD2d 635; *Boccio v Bozik,* 41 AD3d 754; *Acosta v Hadjigavriel,* 18 AD3d 406; *Ryba v Almeida,* 44 AD3d 740.) II. Defendants-respondents are not liable under Labor Law § 200 because they were not responsible for the manner in which the work was performed and did not exercise supervisory control over plaintiff-appellant's work methods. (*Ortega v Puccia,* 57 AD3d 54; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847; *Kajowski v Irvico Realty Corp.,* 37 AD2d 991, 30 NY2d 481; *Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343; *Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136; *Snyder v Gnall,* 57 AD3d 1289; *Chowdhury v Rodriguez,* 57 AD3d 121.)

**OPINION OF THE COURT**

PIGOTT, J.

The issue before us is whether defendants exercised sufficient direction and control over plaintiff's work to overcome the one- or two-family dwelling exception found in Labor Law §§ 240 and 241. We hold that they did not and therefore affirm the order of the Appellate Division.

Defendants hired plaintiff, a neighbor who had previously done small jobs for them, to perform renovations to an apartment within their home. The work included, as relevant to this appeal, the installation of appliances. Plaintiff fell from a ladder

while installing a vent on the roof and suffered injuries that required several surgeries.

Plaintiff brought this action against defendants, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. Following discovery, defendants moved for summary judgment dismissing the complaint asserting, among other things, that as owners of a two-family dwelling they were exempt from the duties imposed under the Labor Law. Plaintiff opposed the motion and, in turn, cross-moved for summary judgment maintaining that because defendants directed and controlled his work, the one- or two-family dwelling exception did not apply. Supreme Court denied both motions finding questions of fact as to all causes of action.

The Appellate Division reversed, holding that defendants made a prima facie showing of their entitlement to summary judgment under the homeowner's exemption of Labor Law § 240 (1) and § 241 (45 AD3d 615, 616 [2007]). It further found that plaintiff failed to raise a triable issue of fact in opposition, concluding that plaintiff "demonstrated only that the defendants made aesthetic decisions and exercised general supervision with respect to the project, neither of which deprives them of the benefit of the statutory exemption" (*id.*).

As it pertained to the section 200 claim and common-law negligence, the Appellate Division found that plaintiff failed to raise a triable issue of fact as to whether defendants exercised supervisory control over the work (*id.*). Therefore, it found that Supreme Court should have also dismissed those causes of action (*id.*).

We granted plaintiff leave to appeal (11 NY3d 714 [2009]) and now affirm.

Labor Law § 240 provides in pertinent part as follows:

> "All contractors and owners and their agents, *except owners of one and two-family dwellings who contract for but do not direct or control the work*, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor . . . devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (§ 240 [1] [emphasis added]).

A similar homeowner's exemption is found in Labor Law § 241.

The exemption was enacted so that "the law would be fairer and more nearly reflect the practical realities governing the relationship between homeowners and the individuals they hire to perform construction work on their homes" (*Cannon v Putnam*, 76 NY2d 644, 649 [1990] [citation omitted]). We have previously stated that whether a defendant's conduct amounts to direction and control depends upon the degree of supervision exercised over "the manner and method of the work to be performed" (*Duda v Rouse Constr. Corp.*, 32 NY2d 405, 409 [1973]).

■ Here, defendants' participation was limited to discussion of the results the homeowner wished to see, not the method or manner in which the work was then to be performed. Defendants' direction to plaintiff to place a vent through the roof was simply an aesthetic decision. Defendants did nothing more than what any ordinary homeowner would do in deciding how they wanted the home to look upon completion. Further, defendants did not provide the plaintiff with any equipment or work materials, nor were they even present at the time plaintiff undertook the venting work. Rather, both the method and the manner of plaintiff's work were left to his judgment and experience.

Plaintiff's affidavit indicating that he expressed reluctance to go on the roof because of concern for his safety is insufficient to raise an issue of fact. Although plaintiff claims that he did not want to go up on the roof to run the vent because he was working alone, he proceeded to do so—not at the specific direction of defendants but of his own volition to complete the work.

■ For the same reasons, defendants were entitled to summary judgment dismissing the causes of action pursuant to Labor Law § 200 and for common-law negligence because defendants exercised no supervisory control over the activity bringing about the injury (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]).

Consequently, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN. (dissenting). The majority conflates the end result of the work with the manner and method of its performance and it is the supervision over the latter that is the touchstone in this case. Labor Law § 240 (1) was enacted to protect workers from the hazards involved in elevation-related work. It imposes absolute liability upon owners and general contractors who fail to furnish proper protective devices, but provides an exception for "owners of one and two-family

dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]). We have noted, however, that the homeowner's exemption

"is an exception to the clear legislative intent to protect[ ] workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner[,] and as such, may properly be extended only so far as [the] language [of the exception] fairly warrants[. Therefore,] doubts should be resolved in favor of the general provision rather than the exception" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991] [internal quotation marks and citations omitted]).

The question presented here is whether plaintiff raised an issue of fact as to whether defendants directed and controlled his work, sufficient to defeat defendants' summary judgment dismissal motion. Case law from this Court provides little guidance for determining the limits of the homeowner's exemption. However, we have observed that "for one person to be 'directed' by another, there must be supervision of the manner and method of the work to be performed" (*Duda v Rouse Constr. Corp.*, 32 NY2d 405, 409 [1973]). At the other end of the spectrum, the Appellate Division has held that general supervision that is "no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home" (*Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612, 614 [2d Dept 2009], *lv dismissed* 12 NY3d 804 [2009]) or decisions involving merely aesthetic choices will not suffice to establish direction and control.

Under the circumstances presented here, I would find that plaintiff has at the very least raised an issue of fact as to whether defendants were directing and controlling his work. Defendants' conduct could be found to be more extensive than expected of the typical homeowners renovating their home inasmuch as their activity involved changing the fundamental or structural nature of the work. For example, plaintiff asserts that when he told Mr. Basch that in order to move a sink to Basch's preferred location he would need to cut a beam that supported the house, defendant instructed him to cut the beam. Basch told plaintiff to place the washer-dryer vent through the roof, rather than through the window, after plaintiff expressed reservations about the safety of that procedure—a significant

alteration changing the fundamental nature of the work. That Basch may have been able to induce plaintiff to perform the work on the roof, even though plaintiff was afraid for his safety, would also support a finding that Basch directed or controlled plaintiff's work.

The majority states that plaintiff's affidavit "is insufficient to raise an issue of fact" (majority op at 596). It is not clear why that is so or what more should be required from plaintiff at this stage. Affri was the sole witness to the accident and his affidavit is largely consistent with the testimony he gave at his examination before trial.

The homeowner's exemption does not provide blanket immunity for all homeowners—only for those who do not direct or control the nature of the work. This is not a situation where it can be said as a matter of law that the homeowner left the method and manner of performance to the worker's expertise such that the homeowner cannot be held responsible. If a homeowner directs the manner and means of the work, it is immaterial that the end result was an aesthetic change. Here, there is a genuine question of fact whether defendants crossed the line from general supervision to exercising direction and control over plaintiff's work.

Therefore, I would reverse and reinstate plaintiff's Labor Law § 240 (1) claim. For the same reasons, I would reinstate plaintiff's claims under Labor Law § 241 (6) and § 200 and his claim based on common-law negligence.

Judges GRAFFEO, READ and SMITH concur with Judge PIGOTT; Chief Judge LIPPMAN dissents and votes to reverse in a separate opinion in which Judges CIPARICK and JONES concur.

Order affirmed, with costs.