■ In the Matter of LISA S., Respondent, v WILLIAM V., Appellant. [943 NYS2d 886]—Order, Family Court, Bronx County (Andrea Masley, J.), entered on or about January 26, 2011, which, after a hearing in a proceeding brought pursuant to article 8 of the Family Court Act, granted petitioner's application for a final order of protection in her favor which expires on January 25, 2013, unanimously affirmed, without costs.

The record amply supports Family Court's determination that a two-year order of protection is warranted. The court's credibility determinations, made in connection with this determination, should be accorded deference, and we find no basis to disturb them (*see Matter of F.B. v W.B.*, 248 AD2d 119 [1998]; *Matter of Baez v Martinez*, 255 AD2d 131, 132 [1998]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.

■ WAYNE CHAMBERS, Appellant, v ROBERT TOM et al., Respondents, et al., Defendants. [944 NYS2d 142]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered April 4, 2011, which, insofar as appealed from as limited by the briefs, in this action for personal injuries sustained by plaintiff while working on defendant Tom's house, granted defendant Tom's motion for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.

Defendant established his entitlement to judgment as a matter of law. Defendant submitted evidence showing that he fell within the exemption from liability pursuant to Labor Law § 241 (6), as an owner of the one-family dwelling who contracted for, but did not direct or control the subject work. Defendant's instructions to plaintiff and his employer were limited to indicating generally where the wood should be installed. Plaintiff and defendant both testified that defendant provided no instructions on how to cut the wood, nor did he provide the circular saw that plaintiff was using at the time of the accident. Accordingly, defendant's involvement in the project did not constitute direction or control over plaintiff's work, and plaintiff's opposition failed to raise a triable issue of fact (*see Affri v Basch*, 13 NY3d 592 [2009]; *see also Thompson v Geniesse*, 62 AD3d 541 [2009]).

We decline to consider plaintiff's argument regarding his Labor Law § 200 claim since it was raised for the first time in his reply brief (*see e.g. Cassidy v Highrise Hoisting & Scaffolding, Inc.*, 89 AD3d 510, 511 [2011]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.