■ JESUS FARIAS, Appellant, v JOHN DOUGLAS SIMON, JR., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [997 NYS2d 28]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about July 1, 2013, which, to the extent appealed from as limited by the briefs, granted the motion of defendants John Douglas Simon, Jr. and Ellen S. Parry (collectively the owners) for summary judgment dismissing the complaint, and denied plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 240 (1), affirmed, without costs.

Plaintiff, a laborer, was injured in a fall from a scaffold while

he was working on a renovation project at the owners' one-family house in Bronxville, New York. The accident occurred on October 19, 2005. The issue on this appeal is whether the motion court properly applied the homeowner's exemptions set forth under Labor Law §§ 240 and 241. The homeowner's exemptions preclude the imposition of the otherwise absolute statutory liability upon "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240 [1]; 241 [6]). The exemptions, however, do not "encompass homeowners who use their one [and] two-family premises entirely and solely for commercial purposes" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]). As set forth in plaintiff's brief, the issue on this appeal is whether the work he was performing at the time of the accident was for the owners' commercial use of the house.

The owners acquired title to the premises through inheritance in July 2004. They began the renovation in July 2005. Parry's deposition is unrefuted insofar as she testified that the owners renovated the house for the purpose of modernizing it and using it as their second home. As the renovation was ongoing, the house was unoccupied at the time of plaintiff's injury. The renovation reached the punch list stage in the fall of 2006. Parry testified that the owners, who never occupied the house, decided to lease it out in the spring of 2007 and did so that August.

The owners made a prima facie showing of their entitlement to the homeowner's exemption by demonstrating that their premises consist of a one-family dwelling and that they did not direct or control plaintiff's work (*see Affri v Basch*, 45 AD3d 615, 616 [2d Dept 2007], *affd* 13 NY3d 592 [2009]). Therefore, the burden shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff has failed to meet this burden as his arguments before this Court and the motion court are based on unfounded speculation that the owners intended to use the house solely for commercial purposes.

The availability of the homeowner's exemption hinges upon "the site and the purpose of the work, a test which must be employed on the basis of the homeowners' intentions at the time of the injury" (*Landon v Austin*, 88 AD3d 1127, 1128 [3d Dept 2011] [internal quotation marks omitted]). Accordingly, plaintiff and the dissent misplace their reliance on the lease, which the owners entered into almost two years after plaintiff's injury. The dissent further misplaces its reliance on Parry's

testimony regarding the owners' renovation of their Manhattan apartment. This testimony is of little consequence in light of Parry's uncontradicted testimony that the owners intended to use the premises as a second home.

Another example of plaintiff's unfounded speculation is his argument that the owners "would not have been able to rent the dilapidated house without undertaking the construction project." On the contrary, Parry testified that prior to the renovation, the house needed only minor work consisting of painting, cleaning and "a little bit of fixing up" in order for it to be rented, sold or occupied. Without contradiction, Parry also testified that the renovation entailed, among other things, the extension of the house, rewiring, plus the addition of a kitchen, a bedroom, two bathrooms, a mud room and a powder room. According to Parry the cost of the project was approximately $750,000. The renovation, as described, was far more extensive than the relatively minor repairs that would have been needed to prepare the Bronxville house for rental as opposed to personal use.

A reversal is not warranted by the dissent's view that the owners' intention to make personal use of the premises "is not readily determinable on a motion for summary judgment." In *Thompson v Geniesse* (62 AD3d 541 [1st Dept 2009]), this Court affirmed an order granting the defendants-homeowners' motion for summary judgment. In that case, we applied the homeowner's exemption on the basis of the homeowners' "intended occupancy" of the subject premises as a one-family dwelling (*id.* at 541-542). *Credit Suisse First Boston v Utrecht-America Fin. Co.* (80 AD3d 485 [1st Dept 2011]) and *Coan v Estate of Chapin* (156 AD2d 318 [1st Dept 1989]), which the dissent cites, stand for the distinct proposition that a party's good faith is not readily determinable on a motion for summary judgment (*see e.g. Coan* at 319). Moreover, the granting of the owners' motion in this case does not implicate the determination of issues. A court's function on a motion for summary judgment involves issue finding rather than issue determination (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]). As noted above, the owners have made a prima facie showing of their entitlement to the homeowner's exemption (*see Affri*, 45 AD3d at 616). Again, plaintiff did not meet his burden of establishing the existence of material issues of fact (*see Alvarez*, 68 NY2d at 324).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman and DeGrasse, JJ.

Acosta and Gische, JJ., dissent in a memorandum by Gische,

J., as follows: I respectfully dissent and would reverse the motion court's grant of summary judgment to defendants Simon and Parry on the issue of application of the homeowners' exemption under Labor Law §§ 240 (1) and 241 (6).*

Defendants own a single family home that was undergoing renovation at the time plaintiff, a workman, was injured. It is undisputed that after Simon acquired ownership of the house through inheritance, neither he nor Parry, nor any other member of their family, lived there. No one lived in the residence during the course of renovation. After the renovation was completed, the residence was rented out to a third party and used solely for commercial purposes.

Labor Law §§ 240 (1) and 241 (6) provide reasonable and adequate protection for workers employed at construction sites by imposing a nondelegable duty on owners, contractors, and their agents to take necessary safety precautions. Both sections 240 (1) and 241 (6) exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (*Khela v Neiger*, 85 NY2d 333, 336 [1995]). The exemption is inapplicable, however, to homeowners who use a one or two family house solely for commercial purposes (*Lombardi v Stout*, 80 NY2d 290 [1992]). The exemption is also inapposite where the purpose in making renovations is to prepare the property for commercial rental (*Lombardi*, 80 NY2d at 297). The burden rests on the party claiming the benefit of the exemption to show that it applies (*id.*).

In establishing their prima facie case, defendants asserted that at the time of accident in 2005, they had no intention of using the property commercially. While it is defendants' intended use at the time of the accident that controls the outcome of this inquiry (*Davis v Maloney*, 49 AD3d 385, 386 [1st Dept 2008]), there are sufficient facts in the record from which a trier of fact could conclude that defendants' stated intention is not credible.

To ascertain whether defendants are entitled to the homeowners' exemption necessarily requires looking into operation of defendants' thought and decision-making processes. They freely admit that at some point during the renovation they formulated an intent to use the property commercially, but claim that such intent crystalized only after plaintiff's accident. This issue, which necessarily implicates defendants' state of mind, is not readily determinable on a motion for summary judgment

---

* I agree with the majority's conclusion concerning the inapplicability of Labor Law § 200 and common law negligence.

(*Credit Suisse First Boston v Utrecht-America Fin. Co.*, 80 AD3d 485, 487 [1st Dept 2011]). Common sense suggests that credibility determinations on issues of subjective intent are more appropriately resolved at trial (*Coan v Estate of Chapin*, 156 AD2d 318, 319 [1st Dept 1989]).

The record contains evidence calling into question defendants' intent on the date of the accident, thereby warranting the denial of summary judgment. Since inheriting the property in 2001, defendants have never resided there and it has been used exclusively for commercial purposes. After acquiring ownership, defendants undertook an extensive renovation project on their Manhattan apartment, which remained their only residence. Their deposition testimony concerning their future plans for the property was tentative, speculating that they might live there once their grade school age children were entering high school. Defendants admittedly consulted realtors, considered setting up a "dba" or corporation to hold the property, and purchased a book about renting property, all while the renovation was ongoing, although they could not say when these events actually occurred.

The defendants had numerous discussions with one another about the prospect of renting out the property, but were unable to pinpoint when these conversations began taking place. Defendants were unable to consistently state when they actually formulated the intent to rent out the property. Initially, they claimed they were unsure, but later testified that the decision was made in the spring of 2007. Although defendants cited the unanticipated construction costs as the primary motivation for the decision to rent, written notes and spreadsheets demonstrated that their estimated costs of the renovation were near to the actual costs. All of these facts create a disputed issue regarding defendants' subjective intent, which should be decided at trial.