■ CAROLINA DEL CARMEN DIAZ, as Administratrix of the Goods, Chattels and Credits of ANGEL QUITO, Deceased, Respondent, v ELYVAN VASQUEZ BOCHECIAMP et al., Appellants, et al., Defendants. [33 NYS3d 218]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about November 6, 2015, which, among other things, denied defendants Elyvan Vasquez Bocheciamp and Esther Vasquez's posttrial motion to set aside the verdict and direct that judgment be entered in their favor or, alternatively, that a new trial be ordered, unanimously reversed, on the law, without costs, and the motion to set aside the verdict granted. The Clerk is directed to enter judgment dismissing the complaint against said defendants.

Plaintiff's decedent died after falling to the ground while working on the roof of a house owned by defendants. The sole issue at trial was whether defendants' house was a one- or two-

family dwelling subject to the homeowner exemption from liability under Labor Law §§ 240 (1) and 241 (6). We find that the evidence established, as a matter of law, that the house was, at most, a two-family dwelling. Accordingly, defendants are entitled to judgment in their favor (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The applicability of the homeowner exemption is determined by a "site and purpose" test (*Bartoo v Buell*, 87 NY2d 362, 367-368 [1996]), which "hinges upon the site and the purpose of the work" and "must be employed on the basis of the homeowners' intentions at the time of the injury" (*Farias v Simon*, 122 AD3d 466, 467 [1st Dept 2014] [internal quotation marks omitted]). Here, the evidence established that, at the time of the accident, defendants' house was a two-family residential home with a basement apartment, where a family friend lived, and three upper floors, which defendants shared with an adult child and two grandchildren. Defendants did not receive any rental income. That three families, two of which are related, lived in the home is insufficient to raise an issue of fact as to whether the home was a three-family dwelling (*see Patino v Drexler*, 116 AD3d 534, 535 [1st Dept 2014]). Nor do the notices of property value from the New York City Department of Finance raise an issue as to whether defendants intended to use the home as a three-family dwelling (*see Farias*, 122 AD3d at 467), particularly given defendant Elyvan Vasquez Bocheciamp's uncontradicted testimony regarding the use and layout of the home. Although plaintiff refers to the top floor of the home as an "apartment," she points to no evidence that it contained anything other than two bedrooms, which were occupied by defendants' grandchildren. Accordingly, there was no basis for the jury to conclude that the home was a three-family dwelling (*Cohen*, 45 NY2d at 499). Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.