Nava v Franklin (2023 NY Slip Op 05191)

Nava v Franklin

2023 NY Slip Op 05191

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 30312/17 Appeal No. 781 Case No. 2023-00624 

[*1]Salvador Chavez Nava, Plaintiff-Appellant,
v
Aretha Franklin et al., Defendants-Respondents, Elite Contracting of NYC, Inc., Defendant. [And a Third-Party Action]

Law Office of Jeffrey B. Melcer PLLC, New York (Jeffrey B. Melcer of counsel), for appellant.
Desena & Sweeney, LLP, Bohemia (Ronni Robbins Kravatz of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 6, 2022, which granted defendants Aretha Franklin and James Emmanuel, Jr.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff sustained injuries while working at a construction site where defendants were constructing a two-family home. The Labor Law §§ 240(1) and 241(6) claims as against defendants were properly dismissed, as defendants fell within the homeowner's exemption set forth in the statutes, which exempts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work." Defendants made a prima facie showing of their entitlement to the exemption by demonstrating that they intended to reside in one of the units, and therefore that the property was not to be used solely for commercial purposes, and that they did not direct or control plaintiff's work (see Van Amerogen v Donnini, 78 NY2d 880, 882-883 [1991]; Farias v Simon, 122 AD3d 466, 467 [1st Dept 2014]). Plaintiff failed to raise a triable issue of fact in opposition.
Absent evidence that defendants exercised supervisory control over the injury-producing work, the Labor Law § 200 and common-law negligence claims were also properly dismissed (see Affri v Basch, 13 NY3d 592, 596 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023