Solis v 340 W. 12 Realty LLC (2024 NY Slip Op 01886)

Solis v 340 W. 12 Realty LLC

2024 NY Slip Op 01886

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Index No. 150430/17 Appeal No. 1994 Case No. 2023-03675 

[*1]Jose Ronaldo Solis et al., Plaintiffs-Respondents,
v
340 West 12 Realty LLC, Defendant-Appellant.

Newman Meyers Kreines Harris, P.C., New York (Gretchen A. Becht of counsel), for appellant.
Oresky & Associates, PLLC, Bronx (Joshua Goldblatt of counsel), for Jose Ronaldo Solis and Jose Guevara, respondents.
Shulman & Hill, PLLC, New York (Timothy W. Norton of counsel), for Miguel Palacios, respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 9, 2023, which denied defendant's motion to renew its motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims against it based on the homeowner's exemption, unanimously affirmed, without costs.
Defendant, an LLC whose managing member is nonparty Todd Cohen, a real estate developer, acquired a two-family residential property that it converted into a one-family property. Plaintiffs were injured while working on demolition at the property.
In the prior motion for summary judgment, defendant demonstrated prima facie that it was entitled to the protection of the homeowner's exemption and dismissal of the Labor Law §§ 240(1) and 241(6) claims by submitting Cohen's testimony that he intended to use the property solely for residential purposes (see Rivera v Matiz Architecture, PLLC, 217 AD3d 552, 553 [1st Dept 2023]). However, in opposition, plaintiffs raised an issue of fact as to whether defendant intended to use the property for commercial purposes by submitting evidence that a provision of the mortgages on the property that required defendant to occupy the property within 60 days and to use the property as its principal residence for one year had been deleted (see Davis v Maloney, 49 AD3d 385, 386 [1st Dept 2008]).
The motion to renew was properly denied, because even though defendant offered new facts in support of its motion, the new facts would not have changed the prior determination (see CPLR 2221[e]; Diwan v Grinberg, 188 AD3d 526, 527 [1st Dept 2020]). In support of its motion, defendant submitted another affidavit from Cohen, averring that he and his family had moved into the property after the renovations were completed. However, the fact that the family moved into the property after the accident does not change the result, because the "availability of the homeowner's exemption hinges upon the site and the purpose of the work, a test which must be employed on the basis of the homeowners' intentions at the time of the injury" (Farias v Simon, 122 AD3d 466, 467 [1st Dept 2014], appeal dismissed 25 NY3d 948 [2015] [internal quotation marks omitted]; see also Davis v Maloney, 49 AD3d at 386).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024