■ MARTIN O'BRIEN, Respondent, v SHI CHIH et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. DERMOT DELANEY CONSTRUCTION CORP., Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. [654 NYS2d

125] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about October 24, 1995, which, *inter alia*, granted plaintiff's cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240, unanimously modified, on the law, to deny plaintiff's motion and, as so modified, affirmed, without costs.

Plaintiff was injured when he fell from wooden planks that were being used as temporary stairs during the construction of two semi-detached two-family houses on a vacant portion of land owned by the Chen defendants on which there was an existing single-family home.

According to the Chens, they intended to create a family compound where they and each of their four sons could live. However, the architect indicated in his deposition testimony that the units were constructed for income-producing reasons.

In granting plaintiff summary judgment pursuant to Labor Law § 240 (1), which exempts one and two-family dwellings from its coverage, the IAS Court found, as a matter of law, that the Chens were not entitled to the exemption because the houses were not to be occupied by them, that it is irrelevant that they might have contemplated occupancy by one or more of their sons and that the statutory exemption simply does not apply to construction of four units for non-owner occupancy.

However, there were two separate applications for building permits for two separate two-family houses with separate addresses, and two separate certificates of occupancy were issued. In light of the foregoing, as well as evidence of the structural division of the buildings (they have separate garages and heating systems), the architect's claim that the Chens intended to design a four-unit rental building, at most, raises an issue of fact in this regard (*see, Mandelos v Karavasidis*, 86 NY2d 767), thus warranting the denial of summary judgment on that issue. Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.