[881 NYS2d 407]

NYP Holdings, Inc., Plaintiff, v McClier Corporation et al., Defendants. McClier Corporation, Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiffs, v Ruttura & Sons Construction Company, Inc., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. McClier Corporation, Second Third-Party Plaintiff-Respondent, v Morrell Brown Corporation, Second Third-Party Defendant-Appellant.

First Department, June 16, 2009

### APPEARANCES OF COUNSEL

*Peckar & Abramson, P.C.*, New York City (*Alvin Goldstein* of counsel), for Ruttura & Sons Construction Company, Inc.; *Jaspan Schlesinger LLP*, Garden City (*Charles W. Segal* of counsel), for Proto Construction & Development Corp.; *White and Williams LLP*, New York City (*Michael J. Kozoriz* of counsel), for First Women's Fire Systems Corp.; and *McGivney & Kluger, P.C.*, New York City (*Lawrence J.T. McGivney* of counsel), for Morrell Brown Corporation, appellants.

*Zetlin & De Chiara LLP*, New York City (*Raymond T. Mellon* and *Michelle Fiorito* of counsel), for respondent.

### OPINION OF THE COURT

NARDELLI, J.

The issue presented concerns the applicability of the volunteer doctrine when an insurer settles a claim against its insured, and seeks to proceed as subrogee against other parties who also allegedly bear responsibility for the underlying loss.

In August of 1998, plaintiff NYP Holdings, Inc. retained defendant McClier Corporation, a professional architectural firm, to provide certain design services related to the construction of a new printing plant in the Bronx. McClier thereupon produced a design for the contemplated premises, after which it hired various subcontractors, including the various third-party defendants, to perform the actual physical construction. NYP subsequently became dissatisfied with the quality of the work done on the project, and commenced this lawsuit, asserting causes of action for professional errors and omissions, malpractice, fraud, overbilling, delay damages and construction defects.

After being served, McClier instituted third-party actions against various entities, including appellants Ruttura & Sons

Construction Company, Inc., Proto Construction & Development Corp., First Women's Fire Systems Corp. and Morrell Brown Corporation (collectively referred to as Ruttura or appellants), who were involved in some phase of the construction. The third-party complaints advanced claims predicated upon contractual and common-law indemnification, negligence, strict liability and breach of contract. The claims asserted by plaintiff aggregated over $100,000,000. During the course of the litigation, McClier settled its dispute with NYP by a payment in the total amount of $23,900,000. McClier paid $750,000, which constituted the aggregate of its deductible along with the balance on its self-insured retention. The remainder of the settlement, $23,150,000, was paid by McClier's insurer, Lloyd's of London. The settlement did not apportion damages between design defects, for which McClier would be responsible, and construction defects, for which the third-party defendants would be responsible.

The Lloyd's policy provided coverage for professional liability for architects and engineers, but not for construction work. As a result of its settlement payment, Lloyd's became subrogated to McClier's claims, although McClier remains the nominal party. McClier seeks indemnification for the sums paid to NYP in settlement of the main lawsuit. The Ruttura entities moved for summary judgment against McClier, arguing that Lloyd's was a volunteer whose payment to NYP was outside of its contractual responsibility and, thus, the settlement could not form the basis for a subrogation claim. McClier opposed the motion on the ground that the law of California, the domicile of McClier's parent company, to which the policy was issued, is controlling, and that under California law Lloyd's was not a volunteer when it made the payment. Therefore, McClier claimed, it would be entitled to pursue its subrogation claim.

The motion court found that New York law governed the dispute since McClier had an office in Manhattan, and that New York, which does preclude claims by volunteers, was the state where the risk was located.

Although the court found that the Ruttura entities had met their burden, as the moving party, of establishing that Lloyd's paid the settlement amount when there was no obligation for Lloyd's to do so, it ultimately concluded that McClier had come forward with evidence that by virtue of the settlement payment, Lloyd's avoided exposure for significantly greater damages in the main action. The court also observed that it was not clear

what percentage of the potential damages could be attributable to design errors and what percentage was attributable to construction defects.

The court reasoned that there was thus a question of fact as to Lloyd's status as a volunteer, and denied the motion for summary judgment. It specifically stated:

> "The argument that a settling insurer is a 'volunteer' and thus barred from making a subrogation claim should not be used without careful consideration. Its widespread use would discourage settlement, and might well require a separate 'action within an action' on the issue of the insurer's liability whenever it is raised" (2008 NY Slip Op 32088[U], *8).

The third-party defendants have appealed, arguing that there are no issues of fact, and that Lloyd's has not shown that it paid the settlement "under compulsion."

It is well-settled that the voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (*Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]; *see also Barnan Assoc. v 196 Owners Corp.*, 56 AD3d 309, 311 [2008]). On the other hand, "when an insurer pays for losses sustained by its insured that were occasioned by a wrongdoer, the insurer is entitled to seek recovery of the monies it expended under the doctrine of equitable subrogation" (*Fasso v Doerr*, 12 NY3d 80, 86 [2009]). Equitable subrogation is premised on the concept "that the party who causes injury or damage should be required to bear the loss by reimbursing the insurer for payments made on behalf of the injured party" (*id.* at 87).

In a claim made pursuant to an insurer's right to subrogation, the insurer stands in the shoes of the insured (*see e.g. Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 206 [2004]; *Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581 [1995]). The insurer's right to recovery in subrogation is premised, not on a legal fabrication, such as an insurer's implied contract of indemnity with the tortfeasor, but, rather, by virtue of its succession to the position previously held by its insured (*Blue Cross & Blue Shield*, 3 NY3d at 206, citing *Great Am. Ins. Co. v United States*, 575 F2d 1031, 1033 [1978]).

Appellants urge that Lloyd's was not under any compulsion to pay for noncovered claims, and argue that if it paid

$23,150,000 for the covered professional negligence claims, then they are not liable to reimburse Lloyd's because they performed no professional services.

The threshold issue, however, is not whether Lloyd's was a volunteer, but, rather whether its insured, McClier, had a cognizable claim against appellants. We need not determine the merits of any such claim to ascertain whether McClier has standing to pursue the third-party claims. At this juncture of the litigation, there has not been any factual determination as to which of the parties were responsible for the losses suffered by NYP, nor any apportionment of responsibility. In the absence of the settlement funded by Lloyd's, there would not even be an issue as to whether McClier could pursue its claims for, inter alia, contractual and common-law indemnification, as well as contribution. Like any other party charged with wrongdoing, it would be perfectly within its rights to seek recovery against those whom it contends are actually responsible, in whole or in part, for the damages incurred by NYP.

That there was a settlement does not, in the circumstances, alter any of these basic principles. Regardless of whether Lloyd's is the true party in interest, the claims belong to McClier, and they remain viable at this juncture.

Even if the focus were solely on whether Lloyd's was a volunteer, it is evident, as the motion court concluded, that there are questions of fact as to whether it lost its right of subrogation. The existing record does not support a determination that Lloyd's settled a claim on behalf of its insured for which another party was wholly, or even partially, responsible. Further, the settlement itself was for a small fraction of the damages alleged by NYP, and was made to forestall the possibility of a larger recovery after trial of the first-party action. These damages could potentially have been assessed against any or all of the defendants. It would be inequitable, on this record, for the appellants to escape responsibility without an adjudication of liability by a factfinder, merely because they chose not to join in the settlement.

"Where property of one person is used in discharging an obligation owed by another . . . , under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder" (*King v Pelkofski*, 20 NY2d 326, 333 [1967], quoting Restatement of Restitution § 162). Regardless of whether Lloyd's is the actual

party in interest, permitting appellants to escape liability if they are responsible for some of the damages would be the unjust enrichment that the principle of equitable subrogation seeks to avoid.

Accordingly, the order of the Supreme Court, New York County (Herman Cahn, J.), entered July 25, 2008, which denied third-party defendants-appellants' and second third-party defendant's motions for summary judgment dismissing the third-party complaint and second third-party complaint, should be affirmed, with costs.

GONZALEZ, P.J., CATTERSON, MOSKOWITZ and RENWICK, JJ., concur.

Order, Supreme Court, New York County, entered July 25, 2008, affirmed, with costs.