■ NYP HOLDINGS, INC., Plaintiff, v MCCLIER CORPORATION et al., Defendants. MCCLIER CORPORATION, Third-Party Plaintiff-Respondent-Appellant, et al., Third-Party Plaintiffs, v RUTTURA & SONS CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. [921 NYS2d 35]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 13, 2010, which, insofar as appealed from as limited by the briefs, granted third-party defendant

Ruttura & Sons Construction Company, Inc.'s motion pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the second and fourth causes of action of the third-party complaint (for contractual indemnification and contribution, respectively) but denied the motion as to the first and third causes of action (for breach of contract and common-law indemnification, respectively), unanimously affirmed, without costs.

The motion that resulted in the order appealed from was Ruttura's second motion; it had previously made a motion for summary judgment dismissing the third-party complaint based on the volunteer doctrine (*see* 65 AD3d 186 [2009]).

As a general rule, "[p]arties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (*Phoenix Four v Albertini*, 245 AD2d 166, 167 [1997] [internal quotation marks and citation omitted]). However, there are exceptions to this rule (*see e.g. Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [2002]).

Ruttura made its previous motion on behalf of all third-party defendants, and not every third-party defendant had the same subcontract with third-party plaintiff McClier Corporation that Ruttura did; for example, third-party defendant Stallone Testing Laboratories, Inc.'s subcontract was oral. Therefore, Ruttura was not barred from making the instant motion with respect to the cause of action for contractual indemnification. However, the arguments that Ruttura now raises with respect to common-law or implied indemnification (McClier's participation in the wrongdoing alleged by plaintiff), contribution (the lack of tort damages), and breach of contract (McClier's failure to allege damages other than indemnification damages) could have been made on behalf of all the third-party defendants; hence, they should have been raised on the prior motion (*see Phoenix*, 245 AD2d at 167).

In addition, third-party defendants Stallone, Fred Geller Electrical, Inc., and First Women's Fire Systems Corp. had previously moved to dismiss the third-party complaint; the court (Herman Cahn, J.) granted the motion in part and denied it in part (*see* 2007 NY Slip Op 34111[U] [2007]). To the extent these third-party defendants' interests were identical to Ruttura's, they were in privity (*see Matter of Midland Ins. Co.*, 71 AD3d 221, 226 [2010]), and to the extent an issue was actually decided on the Stallone motion, law of the case applies (*see id.* at 225-226). Thus, law of the case bars McClier's contribution claim against Ruttura and permits the common-law indemnification and breach of contract claims to survive. However, it does not

prevent Ruttura from moving against the contractual indemnification claim, as Justice Cahn did not decide this issue.

Because neither the rule against successive summary judgment motions nor law of the case barred Ruttura from moving against the contractual indemnification claim, we consider it on the merits. The indemnification provision in the McClier-Ruttura subcontract states, in pertinent part, "[T]he Subcontractor shall indemnify . . . the . . . Contractor . . . from and against all claims . . . arising out of or resulting from performance of the Subcontractor's Work . . . , provided that any such claim . . . is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (*other than the Work itself*)" (emphasis added).

One paragraph of the complaint alleges, in conclusory fashion, that "the Post has been damaged and continues to suffer damages to itself *and to other property*" (emphasis added). However, conclusory allegations are insufficient (*see Celnick v Freitag*, 242 AD2d 436, 437 [1997]; *Pitcock v Kasowitz, Benson, Torres & Friedman LLP*, 74 AD3d 613, 615 [2010]). Read as a whole, the complaint's factual allegations show that the only property damage suffered by plaintiff was damage to its printing plant—for example, cracked concrete slabs and the fact that repair work will result in physical damage to the plant. Therefore, by submitting the complaint with its moving papers, Ruttura made a prima facie showing of entitlement to judgment as a matter of law on the contractual indemnification claim.

In opposition to this part of Ruttura's motion, McClier merely relied on the complaint. However, "[t]he burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (*S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 343 [1974] [internal quotation marks and citation omitted]). "Bald conclusory assertions are insufficient to defeat summary judgment" (*Spaulding v Benenati*, 57 NY2d 418, 425 [1982]).

Because the economic losses claimed by plaintiff do not fall within the scope of the contractual indemnification clause, the motion court properly dismissed the second cause of action (*see e.g. Dormitory Auth. of State of N.Y. v Caudill Rowlett Scott*, 160 AD2d 179, 180-181 [1990], *lv denied* 76 NY2d 706 [1990]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30905(U).]**