■ Jose Patino, Respondent, v Millard Drexler et al., Appellants. [984 NYS2d 38]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 9, 2013, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The court properly declined to deny defendants' summary judgment motion under CPLR 3212 (f). Although the motion was filed before discovery, this was due to plaintiff's failure to timely submit discovery demands, and plaintiff was not prejudiced since he was able to adjourn the motion twice and was in possession of defendants' responses for approximately two months before submitting his opposition papers. Based on the responses by defendants, as well as plaintiff's personal knowledge as to whether defendants supervised his work, he possessed sufficient facts to address defendants' motion. To the extent plaintiff argues that discovery is needed to determine whether the premises were used for commercial or investment purposes, such argument is unpreserved, and, in any event, is based on speculation (see Oates v Marino, 106 AD2d 289, 291-292 [1st Dept 1984]).

The motion court erred however in denying defendants' motion on the merits. Under the homeowner exemption, "owners of one and two-family dwellings who contract for but do not direct or control the work" are exempt from liability under Labor Law § 241 (6). Here, defendants established that the premises was a single-family dwelling by submitting affidavits stating that they purchased the premises solely as a second res-

idence for use by family and guests, that they had never used any of the portion of the premises for a commercial purpose, and that the barn in which plaintiff was injured was being converted into a recreational room for personal use (*cf. Nudi v Schmidt*, 63 AD3d 1474, 1475-1476 [3d Dept 2009]). Moreover, the affidavits of plaintiff's employer and supervisor stating that they supervised plaintiff's work and provided plaintiff with the tools for his work, including the saw that caused his injuries, along with defendants' affidavits stating that they were not on site during the construction work, show that defendants did not direct, supervise, or control plaintiff's work (*see Affri v Basch*, 13 NY3d 592, 596 [2009]; *Chambers v Tom*, 95 AD3d 666 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. His affidavit submitted in opposition to defendants' motion was not notarized and does not appear to be signed by him. In any event, even if the affidavit was properly notarized and signed, it is insufficient to raise a triable issue of fact. To the extent plaintiff's affidavit states that three different unrelated families, including defendants' family, the household staff, and the groundskeeper, lived at the premises, such is insufficient to negate a finding of a single-family dwelling. Under the circumstances presented, defendants and their staff were "living together and maintaining a common household" (*Hossain v Kurzynowski*, 92 AD3d 722, 723 [2d Dept 2012] [internal quotation marks omitted]; *compare Lenda v Breeze Concrete Corp.*, 73 AD3d 987 [2d Dept 2010]). Furthermore, the certificate of occupancy lists all of the buildings under one address, and the alteration work on all of the buildings was covered by one building permit, also listing one address (*cf. O'Brien v Shi Chih*, 236 AD2d 236 [1st Dept 1997]). Concur—Tom, J.P., Acosta, Freedman and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 30693(U).]**