(August 14, 2014)

■ MADISON 96TH ASSOCIATES, LLC, Respondent, v 17 EAST 96TH OWNERS CORP., Sued Herein as 17 EAST OWNERS CORP., Appellant. 17 EAST 96TH OWNERS CORP., Plaintiff, v MADISON 96TH ASSOCIATES, LLC, Defendant, and 21 EAST 96TH STREET CONDOMINIUM, Respondent. (And Third-Party Actions.) [990 NYS2d 811]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 29, 2013, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

This is an action for trespass based on the encroachment of air conditioners from defendant 17 East 96th Owners Corp.'s (defendant) abutting building into plaintiff Madison 96th Associates, LLC's (plaintiff) air space. It is immaterial that plaintiff failed to submit a survey accompanied by the surveyor's affidavit as proof of the encroachment (*see Thomson v Nayyar*, 90 AD3d 1024, 1026 [2d Dept 2011]). Defendant's formal judicial admission in its answer is dispositive (*see People v Brown*, 98 NY2d 226, 232 n 2 [2002]; *GJF Constr., Inc. v Sirius Am. Ins. Co.*, 89 AD3d 622, 626 [1st Dept 2011, Richter, J., concurring]; *Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd.*, 79 AD3d 673 [1st Dept 2010] [allegation in complaint]). Moreover, defendant's attorney's informal judicial admission that the air conditioners "admittedly encroach" on plaintiff's air space is some evidence of the encroachment (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]; *Leonia Bank v Kouri*, 3 AD3d 213, 220 [1st Dept 2004]), as is the testimony of one of defendant's unit owners confirming the accuracy of a document indicating the protrusion of his air conditioner.

The orders relied upon by defendant as law of the case were not binding on the motion court in deciding the instant motion for summary judgment because of the parties' different evidentiary burdens on the motions that those orders decided (*see Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry*, 128 AD2d 467 [1st Dept 1987]). Moreover, the September 6, 2006 order did not actually decide the relevant issue (*see Ferolito v Vultaggio*, 115 AD3d 541 [1st Dept 2014]; *NYP Holdings, Inc. v McClier Corp.*, 83 AD3d 426, 427-428 [1st Dept 2011]). In any event, this Court is not bound by law of the case as represented by the trial level rulings defendant relied upon (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]).

Contrary to defendant's contention, dismissal, by the previously assigned Justice, of its adverse possession counterclaim and affirmative defense on the ground that it could not actually posses plaintiff's air space does not preclude plaintiff's claim for interference with its rights (*see generally Ain v Glazer*, 257 AD2d 422, 423 [1st Dept 1999]).

The assignment to plaintiff of the claim in this action was not champertous. The action had been commenced before the assignment and the closing on the property, and the purpose of

the assignment was not to make money from a claim that "would not be prosecuted if not stirred up," but to enforce a legitimate claim (*Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp.*, 13 NY3d 190, 201 [2009] [internal quotation marks omitted]; *see also 71 Clinton St. Apts. LLC v 71 Clinton Inc.*, 114 AD3d 583, 585 [1st Dept 2014]).

This Court declines to reach defendant's arguments regarding damages since summary judgment was only awarded on liability and the issue of the amount of damages has not yet been addressed below. Moreover, nominal damages are presumed in trespass cases (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 95-96 [1993]; *Shiffman v Empire Blue Cross & Blue Shield*, 256 AD2d 131 [1st Dept 1998]), obviating the need for plaintiff to make out a prima facie case for damages on its motion for summary judgment on liability.

We have considered defendant's other contentions, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.