(August 22, 2017)

■ The Burlington Insurance Company, Respondent, v NYC Transit Authority et al., Appellants. [60 NYS3d 146]—

Upon remittitur from the Court of Appeals (29 NY3d 313 [2017]), order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered December 28, 2012 and January 9, 2013, which granted plaintiff summary judgment on its first cause of action declaring that plaintiff owes defendants New York City Transit Authority and Metropolitan Transit Authority (collectively, NYCTA) no coverage in the underlying personal injury action, granted plaintiff leave to amend its complaint to assert a second cause of action against NYCTA for contractual indemnification as equitable subrogee of the City of New York, and denied NYCTA's cross motion for summary judgment on the first cause of action, and order, same court and Justice, entered December 19, 2013, which, to the extent appealed from, granted plaintiff's motion for summary judgment for contractual indemnification against

NYCTA and directed judgment in favor of plaintiff in the amount of $950,000, plus prejudgment interest, fees and costs, unanimously affirmed, with costs.

Contrary to NYCTA's argument, the $950,000 payment made by plaintiff insurer, on behalf of the City, to settle an underlying personal injury action was not voluntary. Although the Court of Appeals, in the decision remitting this matter to us, has determined that the City, like NYCTA, was not an additional insured under the subject policy issued to plaintiff's named insured, nonparty Breaking Solutions, the affidavit of plaintiff's regional claims manager states that plaintiff withdrew its reservation of rights to the City based on NYCTA's December 3, 2009 letter threatening to withhold payments under the contract with Breaking Solutions unless plaintiff defended and indemnified the City "without reservation." Accordingly, the settlement payment cannot be said to have been voluntary, and an unjust windfall would result if NYCTA, having forced plaintiff to withdraw its reservation to coverage with respect to the City, NYCTA's contractual indemnitee, were then permitted to refuse to honor its own contractual indemnification obligations to the City, to which plaintiff has become subrogated (see *NYP Holdings, Inc. v McClier Corp.*, 65 AD3d 186, 189, 190-191 [1st Dept 2009]).

NYCTA argues that leave to amend should not have been granted because prejudice manifested itself after the original pleading and before the proposed amendment. However, NYCTA's argument that it was prejudiced by the manner in which plaintiff controlled its defense in the underlying action is unavailing, since plaintiff's disclaimer on December 10, 2010, predated the commencement of this action on March 7, 2011. Accordingly, NYCTA failed to demonstrate any change in position resulting from the alleged prejudice (see *New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866 [3d Dept 1996]).

Equally unavailing is NYCTA's argument that because plaintiff waited until the conclusion of fact discovery in the underlying action before issuing its disclaimer, plaintiff is now estopped from denying it indemnity coverage. Since the Court of Appeals has determined that NYCTA was not an additional insured under the endorsement, however, plaintiff was not required to disclaim coverage (see *Sumner Bldrs. Corp. v Rutgers Cas. Ins. Co.*, 101 AD3d 417 [1st Dept 2012]).

Lastly, the motion court properly determined that the proposed amendment does not lack merit (see *Zaid Theatre Corp. v Sona Realty Co.*, 18 AD3d 352, 355 [1st Dept 2005]).

Section 6.8 of the Lease Agreement requires NYCTA to indemnify the City for "damage resulting from any accident or occurrence arising out of or in connection with NYCTA's operations of the leased property," and the undisputed facts make clear that the underlying action arose out of NYCTA's use and possession of the leased premises. The anti-subrogation rule is inapplicable here, since NYCTA was not an additional insured under the policy, as determined by the Court of Appeals (*see White v Kaufman & Co.*, 243 AD2d 255, 255 [1st Dept 1997]).

The motion court properly found that it was premature to determine the amount of defense costs at this juncture. Concur—Friedman, J.P., Moskowitz, Gische and Kapnick, JJ.