Ramirez v Hansum (2022 NY Slip Op 01131)





Ramirez v Hansum


2022 NY Slip Op 01131


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 20657/19E Appeal No. 15347 Case No. 2021-01395 

[*1]Cesar A. Ramirez Ramirez, Plaintiff-Appellant,
v
Nathalie Hansum et al., Defendants-Respondents, ABC Management 1 to 10 et al., Defendants.


Alexander T. Shapiro & Associates, P.C., Brooklyn (Alexander T. Shapiro of counsel) for appellant.
Wade Clark Mulcahy LLP, New York (Tristan George Montaque of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 14, 2020, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff was injured when he fell from a ladder while performing work on the roof of a single-family house owned by defendants Nathalie and Michael Hansum. Plaintiff commenced this action alleging violations of Labor Law §§ 240(1), 241(6) and 200, and common law negligence.
The Labor Law §§ 240(1) and 241(6) claims were properly dismissed. Under the homeowner exemption of Labor Law §§ 240(1) and 241(6), "owners of one and two-family dwellings who contract for but do not direct or control the work" are exempt from liability (see Affri v Basch, 13 NY3d 592, 595-596 [2009]). Defendants made a prima facie showing of their entitlement to the homeowner's exemption by demonstrating that their property consisted of a one-family dwelling, not used for a commercial purpose, and that they did not direct or control plaintiff's work (see id. at 596; Farias v Simon, 122 AD3d 466, 467 [1st Dept 2014]). Plaintiff failed to raise an issue of fact in opposition, as his arguments are based on unfounded speculation that the owners intended to use the house solely for commercial or investment purposes. To the extent plaintiff argues that discovery is needed to determine whether the property was used for a commercial or investment purpose, such argument is also based on speculation (see Patino v Drexler, 116 AD3d 534, 534 [1st Dept 2014]).
Likewise, the Labor Law § 200 and common-law negligence claims were properly dismissed, because it is uncontested that defendants did not exercise supervisory control over the activity that brought about plaintiff's injury (see Affri, 13 NY3d at 596; Lombardi v Stout, 80 NY2d 290, 295 [1992]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022