Rivera v Matiz Architecture, PLLC (2023 NY Slip Op 03316)

Rivera v Matiz Architecture, PLLC

2023 NY Slip Op 03316

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 29322/20E Appeal No. 500 Case No. 2022-04331 

[*1]Edgar Rivera, Plaintiff-Appellant,
v
Matiz Architecture, PLLC, Doing Business as Matiz Architecture & Design, et al., Defendants, Me Engineers et al., Defendants-Respondents.

Thomas D. Wilson, P.C., Brooklyn (Thomas D. Wilson of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Me Engineers, respondent.
Chartwell Law, New York (Rachel Smith of counsel), for 3RSD, LLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 14, 2022, which, to the extent appealed from as limited by the briefs, granted so much of defendant 3 RSD, LLC's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, the motion denied as premature with respect to plaintiff's claims alleging violation of Labor Law § 240(1) and § 241(6), with leave to renew upon the completion of discovery, and otherwise affirmed, without costs.
This case stems from a construction accident that occurred at 3 RSD's property. 3 RSD is owned by a nonparty LLC that has only one managing member. In support of its motion for summary judgment, 3 RSD submitted its managing member's affidavit, averring that 3 RSD intended to use the property solely for residential purposes. This established 3 RSD's prima facie case that it was entitled to the protection of the homeowner's exemption and the dismissal of the Labor Law §§ 240(1) and 241(6) claims. However, we note that 3 RSD has acknowledged that its managing member is the only person with knowledge that 3 RSD intended to use the premises entirely and solely for commercial purposes (see Batzin v Ferrone, 140 AD3d 1102, 1104 [2d Dept 2016]). Moreover, plaintiff produced documentation showing that 3 RSD had previously undertaken similar projects for commercial purposes. Accordingly, the record demonstrates the existence of a factual issue as to whether the property is to be used solely and entirely for commercial purposes (Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]; see Farias v Simon, 122 AD3d 466, 467 [1st Dept 2014]; see also Ramirez v Hansum, 202 AD3d 605, 606 [1st Dept 2022]). Since 3 RSD had not yet produced that managing member for deposition at the time that it moved for summary judgment, plaintiff established "that facts essential to justify opposition" might exist but could not "then be stated" (CPLR 3212[f]) because they were "within the exclusive knowledge of the moving party" (Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). Accordingly, 3 RSD's motion to dismiss the Labor Law § 240(1) and § 241(6) claims should have been denied as premature, with leave to renew
upon the completion of discovery (see e.g. Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023