Jagdeo v Borden House Condominium (2025 NY Slip Op 00786)

Jagdeo v Borden House Condominium

2025 NY Slip Op 00786

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 20815/12 Appeal No. 3654 Case No. 2023-03282 

[*1]Ramashan Jagdeo, Plaintiff-Appellant-Respondent,
v
Borden House Condominium et al., Defendants-Respondents.
Borden House Condominium et al., Third-Party Plaintiffs-Respondents,
v
Taocon, Inc., Third-Party Defendant-Respondent-Appellant, Steven Lamazor et al., Third-Party Defendants.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant-respondent.
Linda A. Stark, New York, for respondent-appellant.
Bartlett LLP, Melville (Eric N. Bailey of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered April 30, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims as against all defendants and the Labor Law § 200 and common-law negligence claims as against defendants Suiry Caceres, Borden House Condominium, and Debra Mykrantz, as administrator of the estate of Charles Low, unanimously affirmed, on the law, without costs. Cross-appeal taken by third-party defendant-respondent-appellant Taocon, Inc. unanimously dismissed, without costs, as taken by a party not aggrieved by the order.
Plaintiff was allegedly injured when a coworker, who was on a ladder installing metal "Z clips," dropped the clips on plaintiff's head while they were working on a renovation of a single-family apartment in a condominium building. Plaintiff was not wearing a hard hat.
The court properly dismissed the Labor Law §§ 240(1) and 241(6) claims as against Caceres and Michael Novogratz. Under the homeowner's exemption, "owners of one and two-family dwellings who contract for but do not direct or control the work" are exempt from both statutes (Labor Law §§ 240[1], 241[6]; see Affri v Basch, 13 NY3d 592, 595-596 [2009]). Defendants Caceres and Novogratz established that they owned the apartment through their answer and testimony (see Madison 96th Assoc., LLC v 17 E. 96th Owners Corp., 120 AD3d 409, 410 [1st Dept 2014]; Patino v Drexler, 116 AD3d 534, 534-535 [1st Dept 2014]). As owners, Caceres and Novogratz demonstrated prima facie entitlement to the homeowners' exception by showing that they did not direct or control plaintiff's work (Ramirez v Hansum, 202 AD3d 605, 606 [1st Dept 2022]). Plaintiff's hearsay evidence in opposition, that Caceres gave his supervisors instructions, was insufficient to raise a triable issue of fact (see Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]; Thompson v Geniesse, 62 AD3d 541, 542 [1st Dept 2009]).
The court properly dismissed the Labor Law §§ 240(1) and 241(6) claims as against Borden House Condominium and Mykrantz (collectively, Condo Defendants). The Condo Defendants established that plaintiff's accident occurred within the apartment and that plaintiff was not working on common elements of the building (see Guryev v Tomchinsky, 20 NY3d 194, 200 [2012]). Condo Defendants also established that they did not have authority to supervise or control the job and thus were not liable as an agent of the owner under sections 240(1) and 241(6) (see Bautista v Archdiocese of N.Y., 164 AD3d 450, 451 [1st Dept 2018]).
The court properly dismissed the Labor Law § 200 and common-law negligence claims as against Caceres, since there are no issues of fact as to whether she directed or controlled plaintiff's work (see Thompson, 62 AD3d at 542). Likewise, the court properly dismissed those claims as against Condo Defendants because they [*2]did not exercise supervisory control over the activity that brought about plaintiff's injury (see Bautista, 164 AD3d at 451).
In dismissing plaintiff's complaint against all defendants, the court necessarily dismissed the third-party complaint against Taocon as academic (see Imtanios v Goldman Sachs, 44 AD3d 383, 385-385 [1st Dept 2007], lv dismissed 9 NY3d 1028 [2008]). Consequently, Taocon is not aggrieved by the court's order (see Boukari v
Schwartzberg Assoc., LLC, 225 AD3d 417, 417-418 [1st Dept 2024]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025