**Accident Fund Ins. Co. of Am. v Grande Gusto Ristorante LLC**

2025 NY Slip Op 31275(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 157805/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                    PART                11M

*Justice*

-------------------------------------------------------------------------X

ACCIDENT FUND INSURANCE COMPANY OF AMERICA
AND CERTAIN UNDERWRITERS AT LLOYD'S A/S/O
JEROME G. STABILE III REALTY LLC AND BUILDING
EQUITY MANAGEMENT LLC,

|  |  |
|---|---|
| INDEX NO. | 157805/2024 |
| MOTION DATE | 12/27/2024 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

GRANDE GUSTO RISTORANTE LLC,KELMEND CEKAJ,
CEKAJ CONSTRUCTION CORP., ARBEN KUKAJ, SHAHIN
BADALY PE, BADALY ENGINEERING PLLC,MAMC
CONSULTING REPS LLC,JOHN FENCES CRAFT CORP.

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24,
25, 26, 27, 28, 30, 40, 41, 42, 43

were read on this motion to/for                              DISMISSAL                              .

Upon the foregoing documents, defendants' motion is granted in part and denied in part.

## Background

This case arises out of a partial building collapse in January of 2024. Grande Gusto

Ristorante LLC ("Grande Gusto") intended to operate a restaurant out of a portion of the

building in question and had a lease (the "Lease") to that effect with the building's landlord,

Jerome G. Stabile, III Realty, LLC ("Landlord). Kelmend Cekaj ("Cekaj", collectively with

Grande Gusto "Defendants") is a principal of Grande Gusto and signed a guaranty agreement

("Guaranty") that guaranteed payment and the performance of all obligations and liabilities

under the Lease. Landlord had the building covered under a policy issued by Accident Fund

Insurance Company of America and Certain Underwriters at Lloyds ("Accident Fund

[* 1]

Insurance") and the building was managed by Building Equity Management LLC ("BEM", collectively with Accident Fund Insurance "Plaintiffs").

Grande Gusto undertook a renovation of the building in question that Plaintiffs allege was improperly conducted. In January of 2024, the building suffered a partial collapse, rendering it uninhabitable and leading to a recommendation from the Department of Buildings that the building be demolished. Accident Fund Insurance ended up paying out on a claim related to the collapse filed by Landlord. There is a related, ongoing case involving the building collapse also before this Court. The current proceeding was brought by Plaintiffs as the subrogee of the Landlord. The present motion to dismiss the complaint as against them was brought by Defendants.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

**Discussion**

157805/2024   ACCIDENT FUND INSURANCE COMPANY OF AMERICA AND CERTAIN
UNDERWRITERS AT LLOYD'S A/S/O JEROME G. STABILE III REALTY LLC AND BUILDING
EQUITY MANAGEMENT LLC vs. GRANDE GUSTO RISTORANTE LLC ET AL
Motion No.  001

Page 2 of 6

2 of 6

[* 2]

Defendants move to dismiss the complaint as to them for the following reasons: 1) the Landlord is barred by the terms of the Lease from bringing negligence claims against Defendants, and therefore their subrogee is also barred; 2) the terms of Accident Fund Insurance's policy does not encompass coverage for a building collapse caused by breach of lease, and therefore Plaintiffs have no basis for their breach of contract claim against Defendants; and 3) Cekaj has no liability as guarantor because Grande Gusto has no liability. Plaintiffs oppose the motion. For the reasons that follow, the motion is granted as to the first and third causes of action and denied as to the fourth.

### *Plaintiff's Negligence Claims Are Barred by the Terms of the Lease*

Defendant moves to dismiss the first and third causes of action as to them on the grounds that the terms of the Lease bar the Landlord from bringing claims against Defendants that sound in negligence. The relevant provision is Paragraph 8.1.4, which reads "each party hereto hereby release the other party with respect to any claim (including a claim for negligence) that the releasing party might otherwise have against the other party for loss, damage or destruction with respect to the releasing party's property" to the extent that the releasing party is required to or elects to insure against such loss. In their opposition, Plaintiffs cite to Paragraph 8.5.6 of the Lease, which covers fire and other casualty damage and states that "each party shall look first to any insurance in its favor before making any claim against the other party for recovery for loss or damage resulting from fire or other casualty." This provision's subrogation waiver further states that such waiver is only in force is both parties' insurance policies have a clause stating that such a waiver would not void the policy. Plaintiff's position is that this provision requires Defendants to produce a copy of their insurance policy containing such a clause.

157805/2024   ACCIDENT FUND INSURANCE COMPANY OF AMERICA AND CERTAIN                    Page 3 of 6
UNDERWRITERS AT LLOYD'S A/S/O JEROME G. STABILE III REALTY LLC AND BUILDING
EQUITY MANAGEMENT LLC vs. GRANDE GUSTO RISTORANTE LLC ET AL
Motion No. 001

[* 3]
3 of 6

It is well-settled law that "a contract as a whole should not be interpreted in a way that would leave one of its provisions without force or effect." *350 E. 30th Parking v. Bd. of Managers of the 350 Condo.*, 280 A.D.2d 284, 287 (1st Dept. 2001). If the Court were to read the policy requirement contained in Paragraph 8.5.6's fire and casualty subrogation waiver into the Paragraph 8.1.4. negligence subrogation waiver, the later provision would be rendered meaningless as a separate provision. The contract was drafted so as to have two separate subrogation waivers, each with their own self-contained requirements. The negligence subrogation waiver of 8.1.4 clearly does not contain any requirement that a party produce an insurance policy with a waiver clause. By the plain terms of the Lease, the Landlord waived the right to bring property damage claims sounding in negligence against Defendants if the claim (as is the case here) is covered by insurance. Such negligence subrogation waivers are frequently enforced by courts. *See, e.g., 45 Broadway Owner LLC v. NYSA-ILA Pension Trust Fund*, 107 A.D.3d 629, 630 (1st Dept. 2013).

Plaintiffs do not have any independent standing to bring a negligence claim against Defendants. This proceeding was brought as a subrogee of Landlord and the law is also well-settled that as such, an insurance company's claims against a third party are limited to the rights and defenses that the insured has against the third party. *Nationwide Mut. Ins. Co. v. U.S. Underwriters Ins. Co.*, 151 A.D.3d 504, 505 (1st Dept. 2017). The documentary evidence of the Lease conclusively bars the Landlord's negligence claims against Defendants, therefore the Lease also conclusively bars Plaintiffs' negligence claims against Defendants.

*Plaintiff's Breach of Contract Claim Should Not Be Dismissed as Landlord Has a Valid Claim*

*Against Defendants for Breach of Contract*

157805/2024 ACCIDENT FUND INSURANCE COMPANY OF AMERICA AND CERTAIN
UNDERWRITERS AT LLOYD'S A/S/O JEROME G. STABILE III REALTY LLC AND BUILDING
EQUITY MANAGEMENT LLC vs. GRANDE GUSTO RISTORANTE LLC ET AL
Motion No. 001

Page 4 of 6

4 of 6

[* 4]

The fourth cause of action alleges that the building collapse was caused by Grande Gusto's renovation work, which is alleged to have been conduction in such a way as to be a violation of the Lease. Plaintiffs are presumably seeking to hold Grande Gusto liable under a breach of contract theory and therefore also to hold Cekaj liable as guarantor of Grande Gusto's performance under the lease. Defendants seek to dismiss this cause of action as against them on the grounds that Accident Fund's policy does not extend coverage for building collapses caused by a breach of the lease. They argue that because Landlord would not have a valid claim for coverage from Accident Fund, Plaintiffs have no valid claim against Defendants. But the threshold issue in these cases is whether the *insured* has a cognizable claim against Defendants. *NYP Holdings v. McClier Corp.*, 65 A.D.3d 186, 190 (1st Dept. 2009). The question is not whether Landlord could recover from Accident Fund Insurance based on a breach of the lease, but whether Landlord could recover from *Grande Gusto* based on a breach of the lease. As here Landlord has a valid claim against Defendants based on a breach of contract theory (which is not barred by the negligence subrogation waiver), so too does Landlord's insurance company as its subrogee. Defendant has not met their burden on a motion to dismiss.

<u>*Plaintiff's Guarantor Claim Likewise Survives*</u>

Plaintiffs in this action seek to hold Cekaj liable as guarantor for Grande Gusto based on the Guaranty agreement. Defendants move to dismiss the claims against Cekaj on the grounds, arguing that because Grande Gusto does not have liability in this matter, Cekaj does not have liability as guarantor. While the parties dispute the issue of whether a guarantor can have broader liability than the tenant under a guaranty agreement, the Court need not reach that issue. Because, for the reasons given above, the breach of contract claim survives against Grande

157805/2024  ACCIDENT FUND INSURANCE COMPANY OF AMERICA AND CERTAIN UNDERWRITERS AT LLOYD'S A/S/O JEROME G. STABILE III REALTY LLC AND BUILDING EQUITY MANAGEMENT LLC vs. GRANDE GUSTO RISTORANTE LLC ET AL Motion No. 001
Page 5 of 6

5 of 6

Gusto, and because Cekaj guaranteed Grande Gusto's performance under the Lease, the breach

of guaranty claim survives against Cekaj. Accordingly, it is hereby

ORDERED that the motion to dismiss the first and third causes of action as to Grande

Gusto Ristorante, LLC and Kelmend Cekaj is granted; and it is further

ORDERED that the motion to dismiss the fourth cause of action is denied.

20250414090828LFRANK44BF379BB7C346B8BCFBE002B38A8904

| 4/11/2025 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157805/2024   ACCIDENT FUND INSURANCE COMPANY OF AMERICA AND CERTAIN UNDERWRITERS AT LLOYD'S A/S/O JEROME G. STABILE III REALTY LLC AND BUILDING EQUITY MANAGEMENT LLC vs. GRANDE GUSTO RISTORANTE LLC ET AL
Motion No.  001

Page 6 of 6

6 of 6

[* 6]